UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case No. 13-CR-20809

v.

                                            HON. MARK A. GOLDSMITH

FRANK HOGG, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING
DEFENDANT TOWNS'S MOTION FOR DISCLOSURE (Dkt. 23)</u>**

Before the Court is Defendant Jaquavious Towns's "motion for disclosure and production of informants." Def. Mot. (Dkt. 23). Indicted and detained on drug-dealing charges, Defendant argues that the Government should be made to disclose the identity and location of two confidential informants, to produce the informants to be interviewed, and to disclose information related to these informants well in advance of trial. The Government filed a response (Dkt. 30), arguing that it has no obligation to disclose the identity of informants prior to trial, when those informants will testify at trial, and that it understands its production requirements. After considering the parties' arguments, including those made at oral argument on March 4, 2014, the Court denies Defendant's motion for the reasons set forth below.

Defendant's motion follows the issuance, on December 4, 2013, of a first superseding indictment, which charged Defendant and two codefendants, Frank Hogg and Juawone Jones, with drug charges. Specifically, the grand jury indicted Defendant with one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii), and two counts of distribution of cocaine base, in violation of 21 U.S.C § 841(a)(1). First

Superseding Indictment (Dkt. 16). On December 17, 2013, Defendant made his initial appearance and did not contest his detention. 12/17/13 Minute Entry; see also 12/17/13 Consent Order of Detention (Dkt. 18). Defendant then filed the instant motion on January 3, 2014.

In his motion, Defendant argues that, under the balancing test of Roviaro v. United States, 353 U.S. 53 (1957), the Government should be made to disclose the identity and location of two confidential informants to assist his ability in deciding whether to accept the Government's plea offer. Def. Mot. ¶¶ 3-5. To this end, Defendant further demands that the informants should "be produced" and that he be provided an opportunity to interview them in advance of trial. Id. ¶¶ 5-6. Alternatively, Defendant requests that the Court hold an "in camera hearing" to determine whether the Government should release the identity and location of the informants. Id. ¶ 7. Lastly, Defendant requests disclosure of impeaching evidence, known as Giglio material, as to each informant, including "any and all records and information which arguably could be helpful or useful to the defense." Id. ¶ 9. Defendant does not specify in his motion when he wanted this material, but at oral argument he requested that the information be disclosed 21 days before trial.

The Government responds by first noting that it has provided Defendant with more discovery than contemplated under Federal Rule of Criminal Procedure 16. Gov't Br. at 1. Additionally, the Government avers that it understands its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Gov't Br. at 1-2. The Government argues that Defendant is not entitled to the early disclosure of witnesses, including informants, that the Government intends to call at trial. Id. at 2. The Government also asserts that Defendant has not presented any particular reason for early disclosure of Giglio material and that safety concerns for the confidential informants outweighs Defendant's interest in early

disclosure. Id. at 4-5. Regarding the time for disclosure, at the March 4 hearing, the Government stated that 14 days before trial is appropriate. The Court agrees with the Government and rejects Defendant's argument.

As Defendant recognizes, see Def. Mot. ¶ 4, the Supreme Court in Roviaro refused to set a "fixed rule" regarding the disclosure of the identity of informants. Roviaro, 353 U.S. at 62. The Supreme Court held that courts should balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id.[1] The Sixth Circuit has long recognized Roviaro's balancing test. See, e.g., United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993). In Perkins, the Sixth Circuit also distinguished Roviaro from cases where an informant testifies at trial. The court first observed that, "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." Id. The court then rejected the defendant's argument that he was prejudiced by nondisclosure of an informant's name and address prior to trial, reasoning that the informant testified and was subject to cross-examination. Id. 1190-1191.

Since Perkins, courts routinely have rejected a defendant's request to have the Government disclose the identity and location of a confidential informant where that informant will testify at trial. See, e.g., United States v. Stone, No. 10-20123, 2012 WL 113486, at *3-4 (E.D. Mich. Jan. 13, 2012); United States v. Brice, No. 1:08CR-50-M, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009) (noting that Roviaro "involved the disclosure of non-testifying confidential informants") (emphasis in original)).

With respect to the disclosure of information prior to trial, Federal Rule of Criminal Procedure 16(a) "'requires the government to disclose, upon a defendant's request, any oral or

---

[1] In weighing whether disclosure is warranted, courts are to consider (i) the particular circumstances of each case, (ii) the crime charged, (iii) the possible defenses, (iv) the possible significance of the informer's testimony, (v) other relevant factors. Roviaro, 353 U.S. at 62.

written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Pegross, No. 05-80949, 2007 WL 1771542, at *1 (E.D. Mich. 2007)).  These specific categories of evidence generally represent the only evidence "required to be disclosed before trial" under Rule 16.  Id.; see also United States v. Presser, 844 F.2d 1275, 1284-1285 (6th Cir. 1988) (finding no broad pre-trial discovery right afforded to defendants).

Impeachment or Giglio material is "evidence favorable to an accused . . . so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." United States v. Bagley, 473 U.S. 667, 676 (1985) (quotation marks and internal citation omitted).  "When the reliability of a given witness may well be determinative of guilt or innocence, evidence affecting credibility must be disclosed.  No hard and fast rule exists, however, that the evidence must be disclosed before trial." United States v. Labbous, 82 F.3d 419 (Table), at *3 (6th Cir. 1996) (quotation marks, ellipsis, and brackets omitted).  "Any prejudice the defendant may suffer as a result of disclosure of the impeachment evidence during trial can be eliminated by the trial court ordering a recess in the proceedings in order to allow the defendant time to examine the material and decide how to use it." Presser, 844 F.2d at 1283-1284.  Given the lack of a categorical rule for when the Government should make disclosures, time frames vary from case to case.  See, e.g., Watson, 787 F. Supp. 2d at 674 (affording 10-day pretrial disclosure, as stipulated to by the parties); United States v. Driver, No. 09-20549, 2011 WL 761496, at *3 (E.D. Mich. Feb. 25, 2011) ("within five days of trial"); Pegross, 2007 WL 1771542, at *1-2 (three days before trial).

Turning first to Defendant's request for the identity, the location, and the production of the Government's confidential informants, Defendant himself recognizes that "the Government will present the informants in its case in chief" at trial.  Def. Mot. at 2.  The Government also avers in its brief that the informants will be called at trial and that it "will disclose their identities prior to trial."  Gov't Br. at 2.  Under <u>Perkins</u> and its progeny, Defendant has no right to the identities and locations of the informants; Defendant will not suffer prejudice because he will be able to cross-examine the informants.  <u>Perkins</u>, 994 F.2d at 1190-1191.  And, as the Government observes, <u>see</u> Gov't Br. at 2, given that Defendant has no right to pre-trial identification, Defendant has no right for the "production" of the informants.[2]

With respect to Defendant's request for "impeaching information as to each informant," "[n]o hard and fast rule exists" that this evidence must be disclosed before trial.  <u>Labbous</u>, 82 F.3d 419 (Table), at *3.  Indeed, the "Constitution does not require the prosecutor to share all useful information with the Defendant."  <u>United States v. Bennett</u>, No. 3:07-CR-81, 2008 WL 701644, at *8 (E.D. Tenn. Mar. 13, 2008); <u>see also</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case.").  In this case, the Government has provided assurance that it is aware of its obligations under Rule 16, <u>Brady</u>, and <u>Giglio</u>.  Consequently, as the Government has no further obligation, the Court concludes that the Government shall turn over the <u>Giglio</u> material at the time the Government has chosen – 14 days before trial.

Accordingly, the Court denies Defendant's motion (Dkt. 23).

---

[2] Almost all the authority cited by Defendant in his motion is from the Ninth Circuit and Defendant does not direct the Court to the leading cases of the Sixth Circuit that bind this Court, i.e., <u>Perkins</u>.  The one case from the Sixth Circuit that Defendant does cite, <u>United States v. Jenkins</u>, 4 F.3d 1338 (6th Cir. 1993), is completely inapposite because it involved whether the identity of a non-testifying confidential informant should be disclosed.  The court held that the informant's identity did not need to be disclosed because, in part, "the role of the informant was extremely limited."  <u>Id.</u> at 1340-1342.

SO ORDERED.

Dated:  April 2, 2014                                          s/Mark A. Goldsmith
     Flint, Michigan                                          MARK A. GOLDSMITH
                                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2014.

                                                      s/Deborah J. Goltz
                                                      DEBORAH J. GOLTZ
                                                      Case Manager