UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                             Case No. 13-CR-20809

v.

                             HON. MARK A. GOLDSMITH

FRANK HOGG, et al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT HOGG'S "SPEEDY TRIAL MOTION TITLE 18 U.S.C. 3161" (Dkt. 32)**

The matter before the Court is Defendant Frank Hogg's motion alleging violations of the Speedy Trial Act, 18 U.S.C. §3161, et seq. Def. Mot. (Dkt. 32). Indicted and detained on a drug-dealing conspiracy charge, Hogg argues that both the 70-day and the 90-day time frames provided by the Speedy Trial Act have expired, requiring dismissal of the controlling indictment and his release from detention. The Government filed a response (Dkt. 35), arguing that neither time period has elapsed and the Court held oral argument on March 4, 2014. After oral argument, the Court requested, and the parties submitted, supplemental briefs (Dkt. 38, 39). For the reasons set forth below, the Court denies Hogg's motion.

The basis for Hogg's motion arises from the procedural history of this case. In short, on October 28, 2013, sealed criminal complaints were filed against Hogg and co-defendant Juawone Jones. Compls. (Dkt. 1). The next day, the complaints were unsealed, but only Hogg was arrested, and he made his initial appearance before Magistrate Judge Michael J. Hluchaniuk. 10/29/13 Minute Entry. Hogg was then temporarily detained by order of the Magistrate Judge. 10/29/13 Order (Dkt. 5). The grand jury indicted Hogg on one count of conspiracy to distribute

cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(B)(iii), on November 6, 2013.  Indictment (Dkt. 9).  Six days later, Hogg was ordered detained pending trial, see 11/12/13 Order (Dkt. 10), and he entered a not guilty plea, see 11/12/13 Minute Entry.  On December 4, 2013, Hogg was indicted on a superseding indictment for the same count, but with two co-defendants, Jones and Jaquavious Towns.  See Dkt. 16.  Although Jones had made his initial appearance on November 6, 2013, Towns made his initial appearance on December 17, 2013.  Critically, on January 3, 2014, Towns filed a motion for disclosure of the Government's informants (Dkt. 23).  Hogg then filed the instant motion for a Speedy Trial Act violation on February 11, 2014.  On March 4, 2014, the Court heard argument on both motions and took them under advisement.

In his motion for a Speedy Trial Act violation, Hogg argues that the controlling indictment should be dismissed and that he should be released from custody because, by his calculation, the 70-day clock of the Speedy Trial Act has expired.  Def. Mot. at 1-2.  Hogg maintains that the 70 days afforded by the Speedy Trial Act cannot be "extended or renewed by adding subsequent charges or offenses" to the original charged offense.  Def. Br. at 4.  Hogg also argues that he will "be continued on detainer long after the 90[-]day clock of 18 U.S.C. 3164c [sic] shall have elapsed."  Id. at 5.  Hogg also takes the position that the Government has engaged in gamesmanship to manipulate his speedy trial clock and that the Government delayed indicting Jones and Towns because it was soliciting their cooperation.  Def. Supp. Br. at 3-4.

The Government responds that the indictment should not be dismissed and Hogg should not be released because the speedy trial clock never expired and Hogg cannot demonstrate a violation of the Speedy Trial Act.  Gov't Br. at 1-4 (Dkt. 35).  The Government also avers that it delayed indicting Jones and Towns because it engaged them in pre-indictment discussions, but

then ultimately decided to indict them.  Gov't Supp. Br. at 2.  The Government argues that it did not intentionally manipulate Hogg's speedy trial clock, as evidenced by the mere 28-day delay between the indictments.  Id.  The Court agrees with the Government and rejects Hogg's argument.

The Speedy Trial Act provides that

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis added).

If a defendant is not tried within the 70-day time frame, the indictment must be dismissed.  18 U.S.C. § 3162(a)(2).  The Speedy Trial Act, however, "contains numerous provisions permitting the tolling of the 70-day period."  United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002).  Provisions that permit tolling of the 70-day period include delays resulting from any proceeding, including the filing of a pretrial motion, "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1).

In cases involving multiple defendants charged together "and no severance has been granted, one speedy trial clock governs."  Cope, 312 F.3d at 776.  "As such, the excludable delay of one defendant is ascribed to that of all of his codefendants."  Id. at 776-777; see also United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007) ("A defendant's excludable time also includes co-defendants' excludable time.").

3

Another aspect of the speedy trial clock is that the clock re-starts upon the issuance of a superseding indictment.  United States v. Smith, 510 Fed. App'x 390, 393-394 (6th Cir. 2013).  In such a situation, the date from which to begin the calculation is the date of the new indictment or appearance of a defendant before the court, whichever is later.  Id.  For example, in Smith, the defendant argued that his speedy trial clock was re-started upon the issuance of a second superseding indictment.  Id. at 393.  The court rejected this argument, stating that the clock would re-start at the date of the second superseding indictment or a defendant's arraignment, whichever was later.  Id.  Because there were three defendants in the case, the clock started at the latest arraignment by the third defendant.  Id.

Notably, the Smith court appeared to conflate the arraignment and initial appearance of the defendant.  The Speedy Trial Act references only "the date the defendant has appeared before a judicial officer of the court in which such charge is pending."  18 U.S.C. § 3161(c)(1).  The Smith court's wording is understandable because, although distinct events, the arraignment usually occurs after the initial appearance on the same date.  See, e.g., United States v. Censke, 449 Fed. App'x 456, 464 (6th Cir. 2011).  However, if the arraignment occurs at a date after the initial appearance, courts should begin the clock at the initial appearance.  United States v. Parker, 508 F.3d 434, 437 (7th Cir. 2007).

The Speedy Trial Act also contains a 90-day clock, which relates to detention.  Under the act, the trial of a defendant detained pending trial "shall commence not later than ninety days following the beginning of such continuous detention." 18 U.S.C. § 3164(b).  The statute also provides that "[n]o detainee . . .  shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial."  Id. § 3164(c).  "The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in

[section 3164]." Id. § 3164(b).  "The excludability of the delays set out in § 3161(h)" applicable to the 90-day-detention clock "is automatic."  United States v. Monk, 12 Fed. App'x 325, 326 (6th Cir. 2001).

Here, Hogg made his initial appearance on October 29, 2013 and was indicted on November 6, 2013 (Dkt. 9).  The indictment contained one count — conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(B)(iii).  Because the later occurring event was the filing of the original indictment, this indictment started Hogg's first speedy trial clock on November 6, 2013.

Hogg, however, was then indicted on the first superseding indictment on December 4, 2013 (Dkt. 16), which added co-defendants Jones and Towns.  The inclusion of the co-defendants re-started the speedy trial clock because one speedy trial clock governs the case. Cope, 312 F.3d at 776.  In determining when this new clock began to run, the Court must determine the later date of two events: (i) when the co-defendants were publicly charged in the controlling indictment and (ii) when the co-defendants initially appeared.  18 U.S.C. § 3161(c)(1).  Although Jones made his initial appearance prior to the issuance of the first superseding indictment, on November 6, 2013, Towns made his initial appearance afterwards, on December 17, 2013.  See 12/17/13 Minute Entry.  Therefore, the speedy trial clock for all three defendants commenced after December 17, 2013, i.e. on December 18, 2013.

The speedy trial clock was tolled on January 3, 2014, when Towns filed his pretrial motion for disclosure (Dkt. 23).  18 U.S.C. § 3161(h)(1).  All the days after this filing were excluded until the filing of Hogg's motion on February 11, 2014.  Because both motions were taken under advisement on the same day, March 4, 2014, only 16 days have elapsed under the

clock, far short of any Speedy Trial Act violation.[1]  Hogg has failed to establish a prima facie violation of the Speedy Trial Act.

Hogg's arguments against this calculation are meritless.  Hogg argues that the speedy trial clock "is not extended or renewed by adding subsequent charges or offenses that are required to be charged or joined with the original offense."  Def. Br. at 4.  However, Sixth Circuit cases have regularly re-started the clock upon the filing of a superseding indictment, as is the case here.  See, e.g., Smith, 510 F. App'x at 393-394; United States v. Chew, 497 F. App'x 555, 559 (6th Cir. 2012) (recognizing that "the filing of the superseding indictment naming new defendants would ordinarily be deemed to restart the speedy trial clock").[2]

As for Hogg's theory that the Government engaged in gamesmanship to manipulate his speedy trial clock, see Def. Supp. Br. at 2-3, Hogg is correct that the Government cannot repeatedly seek superseding indictments of a defendant to frustrate the speedy trial clock.  Chew, 497 F. App'x at 559.  But in order to establish expiration of the clock this way, a defendant must

---

[1] Of course, upon taking a motion under advisement, the Court has 30 days to rule on the matter. 18 U.S.C. § 3161(h)(1)(H) ("Any period of delay resulting from other proceedings concerning the defendant, including but not limited to -- . . . delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.").  Because the Court held a hearing on the motions on March 4, 2014, the Court had until April 3, 2014 to act on the motions without re-starting the speedy trial clock. As the docket reflects, on April 2, 2014, the Court denied Towns's motion, see 4/2/14 Op. (Dkt. 36), and requested supplemental briefing on Hogg's motion, see 4/2/14 Order (Dkt. 37).  The supplemental briefing further extended the Court's deadline by 30 days from the date of the last-filed brief.  § 3161(h)(1)(H).  Here, Defendant filed his brief on April 11, 2014, making the Court's current deadline May 12, 2014.

[2] Hogg's cited authority does not stand for the proposition he has asserted, i.e. that the 70-day clock is not tolled upon the filing of additional charges.  Instead, Hogg's primary case, United States v. Berry, 90 F.3d 148 (6th Cir. 1996), holds that, under 18 U.S.C. § 3161(b), an indictment should issue within 30 days of a defendant's arrest.  "The purpose of the thirty-day rule is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself."  Berry, 90 F.3d at 151.  The 30-day rule has not been invoked by Hogg and has no application here because an indictment was issued within 30 days of Hogg's arrest.

6

demonstrate that a superseding indictment is "unreasonable, the product of bad faith, or a pretext to avoid the requirements of the Speedy Trial Act." Id.; see also United States v. Chen Chiang Liu, 631 F.3d 993, 998-999 (9th Cir. 2011) (rejecting alleged Speedy Trial Act violation by defendant because there was a reasonable delay for second superseding indictment and no showing of bad faith). However, Hogg has not substantiated his claim of "gamesmanship," and the Court discerns none. As concerns reasonableness, the Court agrees with the Government that the 28-day interval is not an unreasonable amount of time. United States v. Barnes, 251 F.3d 251, 257-259 (1st Cir. 2001) (holding that 69-day interval between indictment and superseding indictment which added a new defendant and re-started speedy trial clock was reasonable); United States v. King, 483 F.3d 969, 973–974 (9th Cir. 2007) (holding that 7–month delay was reasonable in light of complex bank fraud where the Government's case "was in flux"). In this case, the Government engaged in pre-indictment discussions with Jones, as is indicated by a stipulated order adjourning Jones's preliminary hearing. 11/26/13 Order (Dkt. 9). In attempting to achieve a pre-indictment disposition of the case concerning Jones, the Court finds the delay in adding him and Towns by the superseding indictment to be reasonable.

Hogg also references that the first superseding indictment was issued on November 6, 2013, but that this needlessly duplicated the contents of the criminal complaint filed on October 28, 2013. Def. Br. 4-5. To the extent that Hogg is arguing that the complaint began the speedy trial clock, such an argument cannot be reconciled with section 3161(c)(1), which explicitly references the information, indictment, or appearance as the event that begins the clock.[3]

_____

[3] Notably, a criminal complaint is only relevant for a potential violation of section 3161(b), which requires the filing of formal charges against a defendant within 30 days of his arrest. United States v. Blackmon, 874 F.2d 378, 381 (6th Cir. 1989) ("An 'arrest' refers to the point at which a defendant is charged with the crime; therefore, a defendant is not 'arrested' until a formal complaint or formal charge is issued."). However, if no complaint is ever filed against a

Lastly, Hogg's argument that he has been detained for 90 days without trial and must be released, pursuant to section 3164, fails to recognize the cross-reference to section 3161(h): "The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section."  The computation of excludable time arising from the appearance of Towns, the filing of Towns's motion, and the filing of Hogg's motion applies to the calculation of Hogg's time in detention.  Assuming that the 90-day clock began to run from the date of Hogg's temporary detention of October 29, 2013, until the first tolling event — the filing of Towns's motion on January 3, 2013 — only 66 days have elapsed.  Thus, 24 days remain on the 90-day clock; there has been no 90-day detention violation.[4]

Accordingly, the Court denies Hogg's motion (Dkt. 32).

SO ORDERED.

Dated:  May 6, 2014                          s/Mark A. Goldsmith
        Flint, Michigan                      MARK A. GOLDSMITH
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2014.

                                             s/Deborah J. Goltz
                                             DEBORAH J. GOLTZ
                                             Case Manager

---

defendant, there can "be no 'arrest' for purposes of beginning the 30-day pre-indictment clock." United States v. Graef, 31 F.3d 362, 364 (6th Cir. 1994).

[4] Hogg's counsel raised at oral argument, for the first time, the contention that the Court has not made a finding concerning a delay under the "ends of justice" provision of section 3161(h)(7). This argument lacks merits because, as explained in the body of this Opinion and Order, the Court has had no need to make such a finding.  The speedy trial clock was first tolled by the filing of Towns's motion for disclosure.  When confronted with this operation of the Speedy Trial Act, Hogg's counsel had no counterargument.