UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          Criminal Case No. 13-20809-1
                                                          Honorable Linda V. Parker

FRANK HOGG,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

On February 18, 2015, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of conspiracy to distribute over 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 846. In the plea agreement, Defendant agreed that at least 28 grams, but less than 112 grams, of crack cocaine were distributed in furtherance of the conspiracy. (ECF No. 61 at Pg ID 269.) He also acknowledged having a prior felony drug conviction. (*Id.*) This Court sentenced Defendant to a term of imprisonment of 90 months on July 8, 2015, and a Judgment of Conviction was entered July 10, 2015. (ECF No. 71.)

Presently before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), filed July 29, 2016. (ECF No. 77.) Defendant relies on amendments to the United States Sentencing Guidelines in 2014 as the

basis for his request. The Government filed a response to the motion on December 13, 2016, arguing that Defendant is not entitled to relief because the amendments were in effect at the time of sentencing and because he was sentenced pursuant to a mandatory minimum. (ECF No. 87.)

A district court is authorized to modify a defendant's sentence only in those instances where Congress has granted it jurisdiction to do so. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). In § 3582(c), Congress provided that a court may *not* modify a term of imprisonment once it has been imposed except in the three limited circumstances set forth in the statute. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing 18 U.S.C. § 3582). The Sixth Circuit Court of Appeals has summarized those circumstances in finding that the trial court in the case before it lacked jurisdiction to reduce the defendant's sentence:

> Under 18 U.S.C. § 3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed. R. Crim. P. 35, *see* 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline range for the offense of conviction has been retroactively lowered, *see* 18 U.S.C. § 3582(c)(2).

*United States v. Benjamin*, No. 97-2147, 1999 WL 685924, at *4 (6th Cir. 1999) (unpublished opinion). Section 3582(c) also authorizes a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

In this case, the Bureau of Prisons has not requested a modification of Defendant's sentence and there is no basis for a modification under Federal Rule of Criminal Procedure 35. The guidelines amendments cited by Defendant went into effect before sentencing and were considered when setting the applicable guidelines. For these reasons, this Court lacks jurisdiction to reduce Defendant's sentence.

Moreover, Defendant was sentenced pursuant to a mandatory minimum sentence of sixty years.[1] When that is the case, a defendant is not entitled to a further reduction based on an amendment to the sentencing guidelines. *See United States v. McClain*, 691 F.3d 774, 778 (6th Cir. 2012).

Accordingly,

---

[1] Defendant was subject to a mandatory minimum of five years for conspiracy to distribute over 28 grams of cocaine base, which was enhanced to ten years based on his prior drug conviction. 21 U.S.C. § 841(b)(1)(B)(iii). The sentence was reduced to 90 months upon the Government's motion for a reduction to 102 months based on acceptance of responsibility.

**IT IS ORDERED** that Defendant's motion for a reduction in sentence under 18 U.S.C. § 3582(c) is **DENIED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: August 1, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 1, 2018, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager