UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:13-cr-20809 |
| *Plaintiff,* | HON. LINDA V. PARKER |
| v. | |
| FRANK HOGG, | |
| *Defendant.* | |

---

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S COMPASSIONATE RELEASE MOTION**

NOW COMES Frank Hogg by his counsel, Major White, who supplements Defendant's *Pro Se* pleadings as follows:

**Introduction:**

On February 8, 2015, Mr. Hogg pled guilty to Conspiracy to Distribute Cocaine Base, contrary to 21 U.S.C. §841(a), 21 U.S.C. §846, and 18 U.S.C. §851. On July 8, 2015, he was sentenced to serve 90 months in prison followed by 36 months on supervised release. On May 20, 2019, Mr. Hogg began serving his term of supervised release. On August 27, 2019, a warrant was signed alleging that Mr. Hogg had violated the terms of supervised release. Thereafter, on December 11, 2019, Mr. Hogg pled guilty to the violations and was sentenced to serve 36 months in the Bureau of Prisons with no subsequent term of supervised release. Mr. Hogg reported to the Bureau of Prisons on January 17, 2020 to begin serving his sentence.

Mr. Hogg has suffered from asthma since he was a child and has been

1

prescribed inhalers and breathing treatments since his diagnosis. At the present time, he is prescribed an albuterol inhaler, which he uses four times a day. Additionally, he suffers from hypertension, and despite his best efforts, he is not being treated for hypertension while in the Bureau of Prisons.

The Center for Disease Control and Prevention ("CDC"), has found that people of any age with certain underlying medical conditions are at an increased risk of severe illness from COVID-19.[1] Mr. Hogg suffers from asthma, which qualifies as one of these certain underlying conditions. This preexisting condition places him at higher risk for severe illness from COVID-19. The CDC has found that of COVID-19 patients between the age range of 18-49, 85.4% had one or more underlying conditions.[2] Of those with underlying conditions, 36.4% had chronic lung disease, such as asthma.[3] Given the research completed by the CDC, along with Mr. Hogg's medical conditions, he is at an increased risk from severe illness from COVID-19.

Mr. Hogg is presently being housed at FCI Oxford. According to the latest information from the Bureau of Prisons, FCI Oxford currently has 10 inmates and 7 staff members who are positive for COVID-19, and has had 588 inmates and 50

---

[1] *See CDC, Groups at Higher Risk for Severe Illness, CDC* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

[2] Shikha Garg et al, Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 — COVID-NET, 14 States, March 1–30, 020, CDC (Apr. 8, 2020), https://bit.ly/2TYdVJR.

[3] Shikha Garg et al, Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 — COVID-NET, 14 States, March 1–30, 020, CDC (Apr. 8, 2020), https://bit.ly/2TYdVJR.

staff members, who tested positive and have recovered from COVID-19.[4] Since being transported to FCI Oxford in early September, Mr. Hogg has been transferred three times within the facility. He is presently located in the former quarantine unit and has been told that he will be transferred to a different unit within the week. It is his belief that the multiple transfers are an attempt to have him become infected with COVID-19. As a final note, Mr. Hogg asserts that each of the individuals who transferred with him to FCI Oxford have become infected with COVID-19 at the facility.

## I. Argument

Individuals with underlying medical conditions are at an increased risk for severe illness or death from COVID-19. The statute for compassionate release grants courts the authority to reduce a term of imprisonment for "extraordinary and compelling reasons" 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides:

(1)    in any case—

    (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

---

[4] https://www.bop.gov/coronavirus/

without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; …

*****

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Thus, the statutory requirements for sentence reduction are that the court (1) find extraordinary and compelling reasons for the reduction; (2) consider the relevant sentencing factors under 18 U.S.C. § 3553(a); and (3) ensure any reduction is consistent with applicable policy statements.

**A. The Court has Authority to Grant Relief**

18 U.S.C. § 3582(c)(1)(A) allows courts to consider compassionate release motions brought by incarcerated defendants if one of two requirements has been met. The first being that the Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf". Second, courts can consider motions for compassionate release after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility".  Mr. Hogg submitted a request for compassionate release to the warden and received no response within 30 days, thereby satisfying the statute, and allowing this court to review his motion.

**B. Extraordinary and Compelling Reasons**

The severity of Mr. Hogg's medical conditions combined with his increased risk of severe illness or death from COVID-19 provide extraordinary and compelling reasons for his immediate release. U. S. S. G. § 1B1.13, application Note 1, states that extraordinary and compelling reasons exist when the Defendant is suffering from a serious medical or physical condition. Mr. Hogg is 26 years old, and suffers from asthma, as well as hypertension. These medical conditions not only affect his everyday life, but also place him at an increased risk to both contract COVID-19, and an increased risk of severe illness or death if he contracts COVID-19 while incarcerated.

Mr. Hogg's serious medical conditions meets the standard for extraordinary and compelling reasons for release pursuant to 18 U.S.C. §3582(c)(1)(A) and U.S.S.G. §1B1.13.

The COVID-19 pandemic is a rapidly increasing health crisis, especially in the United States, that presents a serious medical risk to vulnerable prisoners, such as Mr. Hogg, allowing the Court to find "extraordinary and compelling reasons" for immediate release.

## C. Consideration of Relevant 3553 (a) Factors

(1) Nature and circumstances of offense and history and characteristics of Defendant. Mr. Hogg has continually accepted responsibility for the poor choices that he has made. Mr. Hogg was born and raised in Flint, Michigan, where he has resided much of his life. He has a close relationship with his mother, Toni Hairston.

5

Additionally, he is involved in a relationship with Tilisa Scroggins, the mother of Ti'Asia, his 7-month-old daughter.

Mr. Hogg has not had any disciplinary issues or problems within the Bureau of Prisons. Additionally, while in the Bureau of Prisons, Mr. Hogg has taken advantages of programming that will assist him in obtaining employment when he is released.

As stated previously, Mr. Hogg's medical records show that he is being treated for asthma and has treated for asthma much of his life.

Finally, Mr. Hogg has a projected-out date of August 5, 2022.

(2) Mr. Hogg has less than 21 months to serve on his sentence. Resentencing Mr. Hogg to time served would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. It would also adequately deter criminal conduct by the Defendant and others from similar wrongdoings. Further, Mr. Hogg should not be considered a threat to society, as he has no prior assaultive offenses and no prior offenses involving firearms.

(3) Mr. Hogg's release is consistent with the Sentencing Commission's policy statements. Mr. Hogg's health condition, combined with this pandemic, "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. 1(A)(ii). Courts have found release in these

circumstances consistent with this policy statement. *See, e.g., United States v. Reddy,* No. 13-CR- 20358, 2020 WL 2320093, at *5 (E.D. Mich. May 11, 2020); *United States v. Amarrah,* 458 F. Supp.3d 611, 618 (E.D. Mich. 2020).

Mr. Hogg also presents "Other Reasons" under U.S.S.G. § 1B1.13, cmt. n. 1(D), warranting compassionate release, because the COVID-19 pandemic is devastating prison populations, and Wilson is subject to danger because of health conditions. *See, e.g., Miller v. United States,* 453 F Supp 3d 1062, 1066 (E.D. Mich. 2020.)

## CONCLUSION

Upon release, Mr. Hogg would reside in Flint, Michigan, with his mother, Toni Hairston, and he would continue his relationship with Tilisa Scroggins and their daughter, Ti'Asia.  Mr. Hogg has multiple opportunities for employment in and around Genesee County in the manufacturing industry.  Mr. Hogg has strong family ties to the community, and his family is in full support of his release and has offered to help him in any way to ensure that he is a productive member of society going forward.

WHEREFORE, given the severe medical condition of Mr. Hogg and the 3553 (a) factors stated herein, Mr. Hogg respectfully requests that this Honorable Court exercise its discretion and authority and resentence Mr. Hogg to time served.

Respectfully Submitted,

<u>/s/ MajorWhite</u>
Major White (P58800)
503 S. Saginaw Street, Suite 519
Flint, MI 48502
<u>MajorWhite1966@gmail.com</u>
810-235-7996

Dated: November 15, 2020

9

## CERTIFICATE OF SERVICE

I, Major White, hereby certify that on November 16, 2020, I electronically filed the foregoing document, with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record.

/s/ Major White
**Major White**