UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRANK HOGG,

        Defendant.
_____/

Criminal Case No. 13-20809
Honorable Linda V. Parker

**OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT UNDER 18 U.S.C. § 3582(c)[(1)(A)](i) (ECF NO. 102)**

On February 18, 2015, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of conspiracy to distribute over 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 846. On July 8, 2015, this Court sentenced Defendant to a term of imprisonment of 90 months, followed by a supervised release term of 36 months. (ECF No. 71.) Defendant was released from prison on May 20, 2019 (*see* ECF No. 93 at Pg ID 444), but violated the terms of his supervised release by engaging in the distribution of controlled substances on July 30, 2019 (*id.* at Pg ID 445). After Defendant admitted his guilt to the supervised release violation, this Court revoked his probation and sentenced him to 36 months' incarceration to be served concurrently to any sentence imposed for the underlying offense. (ECF No. 100.) Defendant thereafter pleaded guilty in

state court and was sentenced to a term of imprisonment of 365 days, which he began serving on August 10, 2020.  (*See* ECF No. 107-1.)  The matter is presently before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF Nos. 102, 105.)  The Government filed a response in opposition to Defendant's request.  (ECF No. 107.)  Defendant has filed a reply brief (ECF No. 111) and two supplemental briefs (ECF Nos. 112, 113).

## Applicable Law

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *5-6 (6th Cir. Nov. 20, 2020).  The defendant bears the burden of proving that "extraordinary and

2

compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

## The Parties' Arguments

Defendant seeks compassionate release based on the COVID-19 pandemic and its rapid spread through the prison system, including FCI Oxford in Wisconsin where he is presently incarcerated. Defendant maintains that his medical conditions (hypertension, asthma, and obesity) render him more susceptible to a severe outcome, perhaps even death, if he contracts COVID-19.

The Government acknowledges that Defendant has properly exhausted all administrative remedies. (ECF No. 107 at Pg ID 490.) The Government contends, however, that extraordinary and compelling circumstances do not exist to warrant a sentence reduction in Defendant's case. (*Id.* at Pg. ID 164; *see also* ECF No. 28 at Pg. ID 88.) First, the Government maintains that Defendant will not be released if the Court grants his motion; rather, he will be transferred to state custody to complete his state sentence. Next, the Government argues that neither Defendant's asserted medical conditions (asthma and hypertension) nor his obesity (32.4 BMI) constitute extraordinary and compelling circumstances. In any event, the

Government argues that the factors in 18 U.S.C. § 3553(a) weigh against reducing Defendant's sentence.[1]

## Analysis

### Extraordinary and Compelling Circumstances

Defendant has not demonstrated that he has been diagnosed with hypertension or moderate to severe asthma and thus the Court cannot find them to be underlying medical conditions warranting his release. Defendant's medical records instead reflect "mild persistent" asthma (ECF No. 110 at Pg ID 536, 558) and an instance of elevated blood pressure at which time it was noted that he had no history of hypertension (*id.* at Pg ID 542.) Defendant, however, does have a body mass index of 32.4, which qualifies him as obese and renders him at increased risk of severe illness from COVID-19. *See*

---

[1] As it routinely does in response to the many compassionate release motions filed by incarcerated individuals during the COVID-19 pandemic, the Government maintains that despite Defendant's heightened risk, the Bureau of Prisons has instituted measures to mitigate the risk of the virus spreading within its facilities. (ECF No. 3107 at Pg. ID 490-93.) This Court, and many other courts in this District, have addressed the Government's contentions in other decisions, concluding that whatever measures have been taken have not eliminated—and probably cannot given the communal environment—the spread of the virus and that the BOP's testing policies do not provide an accurate picture of the exposure risk at its facilities. *See, e.g.*, *United States v. Nazzal*, 466 F. Supp. 3d 753, 758 (E.D. Mich. 2020); *United States v. Haynes*, No. 14-20083, 2020 WL 4696601, at *3 (E.D. Mich. Aug. 13, 2020). For the reasons previously stated in those decisions, the BOP's efforts do not justify denying Defendant's motion.

4

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited 12/30/20).

The Government nevertheless argues that there is no evidence that Defendant suffers from chronic obesity and that it therefore may be the case that he can lose weight and eliminate this condition which places him at increased risk of severe illness from COVID-19.  This Court is unaware, however, of any guideline suggesting that obesity (unlike, for example, kidney disease) must be chronic to place an individual in danger.  The Court finds it noteworthy that in previous cases before it, the Government has conceded that obesity, during the COVID-19 pandemic, constitutes an extraordinary and compelling reason to reduce a Defendant's sentence if the remaining considerations weigh in favor of such a decision.  *See, e.g.*, Resp., *United States v. Culp*, No. 17-20737 (E.D. Mich. filed Aug. 4, 2020), ECF No. 154 at Pg ID 165 ("Given the heightened risk that Covid-19 poses to someone with obesity, [defendant] has satisfied the first eligibility threshold for compassionate release during the pandemic.").

At FCI Oxford, 733 inmates and 68 staff members have contracted COVID-19.  See https://www.bop.gov/coronavirus/ (visited 1/5/21).  While the Bureau of Prisons reports that no inmates or staff currently are infected with the virus, *see id.*, it is significant to note that the facility only houses 843 inmates, *see* https://www.bop.gov/locations/institutions/oxf/ (visited 1/5/21), and of those

inmates tested for the virus, over 83% have tested positive, *see* https://www.bop.gov/coronavirus/ (visited 1/5/21).

The extraordinary and compelling reason for releasing Defendant is not negated by the fact that his state sentence *may* result in his remaining in custody even if the pending motion is granted.² Nor was this the finding of the court in the one case the Government cites where a defendant seeking release would in fact be transferred to state custody: *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *2 (D. N.J. Apr. 24, 2020). There, the court simply opined that if it did find extraordinary and compelling reasons warranting the defendant's release—which it did not—it had to consider the "new layer of risks" presented as the defendant would simply be transferred to a state facility due to a state detainer lodged against him. *Id.* However, there are practical ways to minimize those risks.

---

² According to Defendant's probation officer, while Defendant was arrested on the state charges on July 30, 2019, he was not sentenced in state court until August 10, 2020. He remained on bond in the interim. On August 10, the state court sentenced Defendant to a 365-day term of imprisonment, with credit for three days. to be served concurrently with his federal sentence. In the meantime, Defendant pleaded guilty to the probation violation in federal court on December 9, 2019, and this Court sentenced him to 36 months' imprisonment on December 11, 2019. Defendant began serving his federal sentence on January 17, 2020—almost eight months before his state court sentencing. It is unclear to this Court why it took a year for Defendant to be sentenced in state court and, perhaps more significantly, why he was not detained (even by consent) pending his state court sentencing to receive credit for the time he already was serving. Perhaps upon his return to state custody the state courts will consider these circumstances if Defendant seeks a reduction of his sentence there.

For example, Defendant can be quarantined before being transferred to state custody to reduce the risk that he might carry the virus from one prison population to another or spread the virus to state law enforcement officers assuming his custody. If this Court concludes that extraordinary and compelling circumstances warrant a defendant's release, it must take whatever action is within its authority to make that happen.

## 18 U.S.C. § 3553(a) Factors

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a). Defendant's current conviction, as well as prior adult criminal convictions, involved non-violent, drug-related activity.[3] None of his adult criminal activity (convictions *or* arrests) involve violence or weapons. (PSR ¶¶ 34-39, 46-50.)

While Defendant has served only a third of his current sentence, he had completed his initial 90-month sentence in this matter and been released. The

---

[3] Defendant does have one additional conviction for driving with a suspended license.

Court in no way condones Defendant's failure to abide by the conditions of his probation. Nevertheless, this conduct does not warrant a potential death sentence. Moreover, if Defendant wastes the opportunity he would be given if his sentence is reduced and commits another crime, his probation likely will be revoked again and the Government may charge him as a career offender for any new drug-related charges which may result in a significantly longer sentence than what he faced here.

The Government reports only one infraction during Defendant's incarceration for refusing a work or program assignment and disobeying an order (arising from the same incident). According to Defendant, he has taken advantage of programming while in prison that will assist him in obtaining employment when released. Defendant has the support of his mother and the mother of his seven-month-old daughter. Contrary to the Government's repeated assertions in response to many compassionate release motions (*see, e.g.*, ECF No. 107 at Pg ID 496), the Court is not convinced that an individual's criminal record is indicative of his or her ability to comply with the recommended guidelines for preventing the spread of COVID-19.

Finally, the sentence that Defendant has served, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the

offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

Thus, the Court finds that factors set forth in 18 U.S.C. § 3553(a) warrant a reduction of Defendant's sentence.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Modification of an Imposed Term of Imprisonment under 18 U.S.C. § 3582(c)[(1)(A)](i). (ECF No. 28.) The Court reduces Defendant's sentence to time served as of February 23, 2021. The Court is imposing a supervised release term of one year.

Unless a detainer prevents Defendant's release, he shall be released no later than February 23, 2021, and shall reside at his mother's residence in Flint, Michigan, where Defendant shall remain in self-quarantine for 14 days. Defendant shall notify the Probation Department for the Eastern District of Michigan within 24 hours of his arrival at his mother's residence and is directed to follow the instructions of the assigned probation officer.

Upon his release from custody, Defendant will be subject to the same conditions of release imposed in his original sentence, except as modified in this Order. Upon entry of this Order, Defense Counsel shall immediately contact the

9

Probation Department to coordinate and facilitate enforcement of Defendant's release conditions.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 16, 2021